NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Hon. Dennis M. Cavanaugh |
| ROSE COLOR, INC. | : | **OPINION** |
| Debtor. | : | Bankruptcy Case No. 03-23667   (RG) |
| SYED IRSHAD RAZA, | : | Civil Action No.  05-4159      (DMC) |
| Appellant, | : | |
| v. | : | |
| DONALD BIASE, | : | |
| Appellee. | : | |

This matter comes before the Court upon appeal from order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") by Syed Irshad Raza ("Appellant"). Specifically, Appellant appeals the Order Approving Settlement Between Trustee and Discover, Inc. entered on May 5, 2005 in Bankruptcy Case No. 03-23667(RG).

### I. Background

The background in this matter was detailed at length in the Opinion issued by this Court on November 3, 2005. (04-cv-4972(DMC), 05-cv-2291(DMC), and 05-cv-3437(DMC)) (See Opinion, dated November 3, 2005, pg 2-7.)  For sake of brevity, the Court incorporates the section entitled "Background" by reference.

## II. Analysis

Under Third Circuit jurisprudence, an appeal will generally be dismissed as moot when events occur during the pendency of the appeal which prevent a reviewing court from granting any effective relief. See In re Cantwell, 639 F.2d 1050, 1053 (3d Cir. 1981). "Effective relief is impossible . . . if failure to obtain a stay has permitted such a comprehensive change as to render it inequitable to consider the merits of the appeal." In re Quality Spice Corp., 107 B.R. 843, 849 (D.N.J. 1989) (quoting In re Blumer, 66 B.R. 109, 113 (9th Cir. B.A.P. 1986), aff'd mem., 826 F.2d 1069 (9th Cir. 1987)). Based on these principles, courts have dismissed appeals relating to an order approving a settlement. See, e.g., Quality Spice, 107 B.R. at 854 (holding that appeal from order approving settlement of controversy was rendered moot by completion of all transactions contemplated by settlement agreement).

Here, Appellants appeal from an Order approving a settlement with Discover. The Trustee reached the settlement with Discover, a third party not before the Court, in May 2005. Appellants failed to obtain a stay of the Order approving settlement. As a result, effective relief is now impossible. Accordingly, the appeal from the Order approving the Settlement is now moot.

## III. Conclusion

For the reasons stated above, it is this Court's finding that the Bankruptcy Court's decisions are **affirmed** and Appellant's appeals and motions are dismissed. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: November 10, 2005
Original: Clerk's Office
cc: All Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File